## TENDER NOT EXCUSED BECAUSE VAIN.

Circuit Court of Cuyahoga County.

ELITA E. PECK v. ELIZABETH D. OSBORN.

Decided, October 26, 1908.

*Specific Performance—Tender.*

In an action for specific performance of a contract to convey real estate an allegation, "that on the 6th day of February, 1907, defendant notified plaintiff that she declined and refused to perform the conditions of said agreement on her part to be performed." does not excuse an allegation of tender of the contract price.

*H. E. Parsons,* for plaintiff in error.
*Solders, Thayer & Mansfield,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

The plaintiff filed her petition in the common pleas court against the defendant praying for damages for breach of a contract to convey certain real estate. After reciting the terms of the contract, the petition proceeds as follows:

"That on the 6th day of February, 1907, defendant notified plaintiff that she declined and refused to perform the conditions of said agreement on. her part to be performed. Plaintiff had theretofore paid to defendant the sum of $100 as part payment on said purchase price, and was at all .times ready and offered to perform the conditions of said agreement on her part to be performed."

A demurrer to this petition was sustained, because no tender by plaintiff of the balance of the purchase price of $8,375 was pleaded. That allegation of tender is ordinarily necessary in such cases is held in the case of *Randabaugh v. Hart,* 61 O. S., 73, where it is said:

"Where two acts are to be done at the same time, as when the vendor has agreed to convey interest in real estate upon the payment of a given sum as purchase money, the deal to be .closed by a certain day named, and the purchaser has agreed to pay the purchase money, a part on that day and the balance in one

year, the conditions are what are known in law as mutual conditions, and neither party can maintain an action against the other without averring a performance, or an offer to perform on his part. Mere willingness and readiness to perform uncommunicated to the other party, will not avail. And it is not, in such case, sufficient that the plaintiff aver that from the date of the making of the contract to and including the day at which it was to be completed, he was ready and willing to do and perform everything to be done by him in the carrying out of said sale and contract. Nor are the averments sufficient, when, in addition thereto, he avers that the defendant, although often requested so to do, has refused to comply with said contract, and has at all times refused to transfer and deliver said property to plaintiff.

"A petition declaring upon such contract, which contains neither an allegation of performance nor of tender of performance, will be held bad on general demurrer."

But it is said by counsel for plaintiff in error that tender is excused, because it is vain, when the defendant absolutely repudiates the contract and refuses to be bound by it.

This exception to the general rule is thus stated in *Brewing Co.* v. *Maxwell*, 78 O. S., 54:

"The general rule is that a party seeking specific performance of a contract must show performance on his part, yet there are clearly defined exceptions and one of them is that when the other party repudiates and makes it certain that he does not intend under any circumstances to comply, a showing of readiness and ability on the part of the complaining party to then and there perform his part communicated to the other party and accompanied with a demand of compliance by such other party, is sufficient compliance without an actual formal tender."

Does the petition square itself by this rule, and show that the defendant repudiated and made it certain that she did not intend, under any circumstances, to comply with the contract?

The allegation is: "on the 6th day of February, 1907, defendant notified plaintiff that she declined and refused to perform the conditions of said agreement on her part to be performed."

*Non constat*, that she might have changed her mind and been willing to perform the next day. At any rate we do not think

the plaintiff has pleaded defendant's refusal to perform in strong enough terms to exempt him from a tender.

Judgment affirmed.